CHARLES W. KNOX & another *vs.* AUGUSTUS M. PERKINS.

A sold to B certain real and personal estate at a fixed price, for part of which B gave eight promissory notes to A, secured by a mortgage of the real estate. An agreement was indorsed upon the written contract of sale that the sale of some of the personalty should be so far conditional that if B should neglect or refuse to pay, or cause to be paid, any of the eight notes, with interest for three months after the same should become due, the sale should become void. *Held*, that this was a sale upon a condition subsequent, and, being for an entire sum, amounted to an agreement that B should have all the property for a certain price, if paid punctually, but if not so paid should have less property for the same price; and that after three months' default of payment on any of the notes, A might repossess himself of the personal property embraced in the indorsed agreement, and recover the whole amount of the purchase money from B.

HOAR, J. The material facts in this case are these: The defendants sold to Rudd & Smith, whose assignees in insolvency the plaintiffs are, certain real and personal estate, appraised at the time of sale in separate items, amounting in the whole to $ 5,500, for the sum of $ 5,100, beside a note of $ 200, which the vendees were to pay only in case they found that the prop-

erty had not been overvalued. Rudd & Smith gave, in pay-
ment of the $5,100, nine promissory notes; seven of $500
each, payable at intervals of six months, and two of $300 each.
The seven $500 notes and one of the $300 notes were secured
by a mortgage of the real estate. The sale was on the 22d of
October 1855. An agreement was indorsed upon the written
contract of sale, that the sale of certain buildings therein con-
veyed, which were personal property, should " so far be condi-
tional, that if the said Rudd & Smith shall neglect or refuse to
pay or cause to be paid either or any of eight notes of hand,
dated this day, and amounting in all to thirty eight hundred
dollars, with interest, according to the tenor of each note, for the
space of three months from and after said note or interest on
said note shall become due, then said sale shall become void,
and said property shall revert to said Perkins." Only the first
note was paid, and that not until more than three months
after it was due. The defendant took possession of the build-
ings, referred to in the agreement, on the 15th of May 1857.
Rudd & Smith went into insolvency in June 1857; the de-
fendant petitioned for the sale of the mortgaged real estate, and
it was sold under the authority of the court of insolvency, and
the proceeds applied toward the payment of the notes. He
proved the amount remaining unpaid, and received a dividend.
He sold the buildings of which he had taken possession, and the
assignees now sue him to recover the value of them, as belong-
ing to the estate of the insolvents.

The plaintiffs contend that the agreement which was indorsed
made the title of the defendant to the buildings only a mortgage
title, which was defeated by the proof of the notes in insolvency
without any deduction of the sum thereby secured; or that it
constituted a conditional sale, and that the condition was
waived, and the title of Rudd & Smith became absolute.

We think the whole transaction did constitute a conditional
sale of the buildings, and that the title to them passed to Rudd
& Smith, defeasible upon a condition subsequent.

But the purchase of the property was for one entire sum, and
not for an amount made up by adding the prices set upon the

several parcels. It was in effect an agreement that Rudd & Smith should have the whole property for a certain price, if the purchase money should be paid punctually; but that if it should not be so paid, they should have less property for the price. Such a contract was a lawful one, if the parties chose to make it. Under such a contract, the proof of all the notes against the estate of the promisors in insolvency would manifestly be no waiver of the condition, because the vendor was entitled to the whole price agreed on, and had paid the full consideration which, in the contingency which had happened, the vendee had agreed to accept.

It might well be doubted whether any failure to take immediate possession of the buildings could be held to be evidence of such a waiver. But it is unnecessary to consider that question, because the condition applied by its terms to each and every failure of payment continued for three months after a note became due. There might therefore be successive breaches of the condition. If, when the first occurred, and the defendant omitted to take advantage of it, the right to do so might be considered as waived or relinquished, the right would again arise upon the next note becoming due, and might then be asserted. It would resemble a right of entry for nonpayment of rent, where a waiver of the right, upon the tenant's delinquency on one rent day, would not preclude the landlord from availing himself of a repetition of the breach of contract on a subsequent day.

There was a failure to pay several of the notes; and the defendant, with the assent of Rudd & Smith, asserted their right of property, and took the possession which made it effectual, before the insolvency and before the plaintiffs had any interest in the matter. No right of theirs was violated, and the decision of the court below must be affirmed.

*Nonsuit affirmed.*

*J. D. Colt,* for the plaintiffs.

*M. Wilcox,* (*J. E. Field* with him,) for the defendant.